IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SHANE MCCLAIN CAIN, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION  H-11-3660 |
| | § | |
| RICK THALER, | § | |
| | § | |
| *Respondent*. | § | |

**MEMORANDUM OPINION AND ORDER**

Petitioner, a state inmate proceeding *pro se*, seeks habeas relief under 28 U.S.C. § 2254 challenging the execution of his sentence. Respondent filed a motion for summary judgment (Docket Entry No. 13), to which petitioner filed a response (Docket Entry No. 14).

Based on consideration of the pleadings, the motion and response, the record, and the applicable law, the Court GRANTS the motion for summary judgment and DISMISSES this case for the reasons that follow.

*Procedural Background and Claims*

Petitioner was convicted of theft in 1989 and sentenced as a habitual offender to twenty-five years incarceration. Thereafter, on May 18, 1992, he was convicted of criminal retaliation in Guadalupe County, Texas, and sentenced to ninety-nine years' incarceration in cause no. 91-0984-CR. The sentence was ordered to be served consecutively to his 1989 theft charge.

A year later, on April 12, 1993, petitioner was convicted in Houston County, Texas, of possession of a deadly weapon in a penal institution and sentenced to thirty-five years' imprisonment in cause no. 14,288CR. The sentence was ordered to be served consecutively to his criminal retaliation charge in cause no. 91-0984-CR. On September 11, 2009, petitioner was convicted in Anderson County, Texas, of having a prohibited item in a correctional facility and sentenced to two years' imprisonment in cause no. 29730. The sentence was ordered to be served consecutively to petitioner's deadly weapon conviction in cause no. 14,288CR. Thus, all of petitioner's post-1989 sentences were ordered to run consecutively, commencing with his 1989 sentence.

On February 1, 2011, the Texas Board of Pardons and Paroles (the "Board") denied petitioner release to parole.[1] Petitioner challenged that decision in an unsuccessful state habeas proceeding. *Ex parte Cain*, WR-18,018-31. Following the denial of habeas relief by the Texas Court of Criminal Appeals on September 14, 2011, petitioner filed the instant federal habeas petition, complaining that the Board violated his *ex post facto* protections by retroactively changing the date on which he can begin serving his ninety-nine year sentence. In short, petitioner is challenging the State's calculation of his consecutive sentences as an *ex post facto* violation.

Respondent argues that petitioner's claim is groundless.

---

[1] The Court will use the hearing date utilized by the trial court in its findings made on collateral review. *Ex parte Cain*, WR-18,018-31, p. 22.

### *The Applicable Legal Standards*

*Habeas Review*

This petition is governed by the applicable provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U.S.C. § 2254. Under the AEDPA, federal habeas relief cannot be granted on legal issues adjudicated on the merits in state court unless the state adjudication of the claim was contrary to clearly established federal law as determined by the Supreme Court, or involved an unreasonable application of clearly established federal law as determined by the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 404–05 (2000); 28 U.S.C. §§ 2254(d)(1), (2). A state court decision is contrary to federal precedent if it applies a rule that contradicts the governing law set forth by the Supreme Court or if it confronts a set of facts that are materially indistinguishable from a Supreme Court decision and arrives at a result different from the Supreme Court's precedent. *Early v. Packer*, 537 U.S. 3, 7–8 (2002).

A state court unreasonably applies Supreme Court precedent if it unreasonably applies the correct legal rule to the facts of a particular case, or unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply, or unreasonably refuses to extend that principle to a new context where it should apply. *Williams*, 529 U.S. at 409. In deciding whether a state court's application was unreasonable, this Court considers whether the application was objectively unreasonable. *Id*. at 411.

The AEDPA affords deference to a state court's resolution of factual issues. Under 28 U.S.C. § 2254(d)(2), a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless it is objectively unreasonable in light of the evidence presented in the state court proceedings. *Miller-El v. Cockrell*, 537 U.S. 322, 343 (2003). A federal habeas court must presume the underlying factual determination of the state court to be correct, unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. *Id*. at 330–31; 28 U.S.C. § 2254(e)(1).

*Summary Judgment*

In deciding a motion for summary judgment, the district court must determine whether the pleadings, depositions, answers to interrogatories, and admissions on file, together with the summary judgment evidence, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56. Once the movant presents a properly supported motion for summary judgment, the burden shifts to the nonmovant to show with significant probative evidence the existence of a genuine issue of material fact. *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000). While summary judgment rules apply with equal force in a section 2254 proceeding, the rule only applies to the extent that it does not conflict with the federal rules governing habeas proceedings. Therefore, section 2254(e)(1), which mandates that a state court's findings are to be presumed correct, overrides the summary judgment rule that all disputed

4

facts must be construed in the light most favorable to the nonmovant. Accordingly, unless a petitioner can rebut the presumption of correctness of a state court's factual findings by clear and convincing evidence, such findings must be accepted as correct by the federal habeas court. *See Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002), *overruled on other grounds by Tennard v. Dretke*, 542 U.S. 274 (2004).

*Analysis*

Petitioner claims that the Texas Department of Criminal Justice ("TDCJ") and the Board have retroactively changed the date on which he can begin serving his "next/second/consecutive sentence," in violation of the *ex post facto* clause. He argues that, under the law applicable at the time of his first offense in 1989, he is to begin serving his 1992 ninety-nine-year sentence (his second conviction) once he has reached statutory parole eligibility on his 1989 twenty-five-year sentence (his first conviction), citing in support the 1987 version of Article 42.18 § 8(d) of the Texas Code of Criminal Procedure. Under that provision, when a Texas inmate is serving consecutive sentences, his first sentence will "cease to operate" upon a grant of parole for that sentence, thereby causing the commencement of the second sentence. TEX. GOV. CODE § 508.150.[2]

Specifically, section 508.150 provides as follows:

(a) If an inmate is sentenced to consecutive felony sentences under Article 42.08, Code of Criminal Procedure, a parole panel shall designate during each sentence the date, if any, the inmate would have been

---

[2] Before 1997, section 508.150 and other rules concerning parole were codified at TEX. CODE CRIM. PROC. art. 42.18.

        eligible for release on parole if the inmate had been sentenced to serve a single sentence.

   (b)   For purposes of Article 42.08, Code of Criminal Procedure, the judgment and sentence of an inmate sentenced for a felony, other than the last sentence in a series of consecutive sentences, shall cease to operate:

        (1)   when the actual calendar time served by the inmate equals the sentence imposed by the court; or

        (2)   *on the date a parole panel designates as the date the inmate would have been eligible for release on parole* if the inmate had been sentenced to serve a single sentence.

TEX. GOV. CODE § 508.150 (emphasis added).

Petitioner argues that, by "eligible for release on parole," the statute meant *statutory* eligibility, based on the number of calendar years served and other non-discretionary factors. Petitioner complains that in 1997, however, the Board changed its rule interpreting the statute to hold that inmates could not begin serving their second sentence until they had been approved for parole on their prior sentence, notwithstanding statutory eligibility. That is, that "eligible for release on parole" meant not statutory eligibility but discretionary eligibility – *i.e.*, approved for parole – as determined by a panel of the Board. According to petitioner, disallowing the commencement of his 1992 ninety-nine-year sentence until he is approved, as apposed to statutorily eligible, for parole constitutes an *ex post facto* violation that is keeping him in prison longer than had the Board applied its original interpretation of the statute. Petitioner' argument is legally and factually incorrect.

Prior to 1997, TDCJ and the Board apparently interpreted the statute to provide that, once a prisoner became statutorily eligible for parole on his first sentence, the sentence would cease and the second sentence would begin. *See Moore v. Owens*, 361 F. App'x 587 (5th Cir. 2010) (unpublished). In 2000, however, the Texas Court of Criminal Appeals recognized that this interpretation was wrong, in that it ignored a 1987 Texas law which disallowed a Board panel from considering consecutive sentences as a single sentence for purposes of parole. *Ex Parte Kuester*, 21 S.W.3d 264, 271 (Tex. Crim. App. 2000), *overruled on other grounds*, *Ex parte Hale*, 117 S.W.3d 866, 872 n. 27 (Tex. Crim. App. 2003). In *Kuester*, the court held that a sentence only ceases to operate after "a discretionary decision on the part of the Board that the person actually would have been released to parole but for the second sentence." Thus, "eligible for release on parole" did not refer to statutory eligibility, but to an affirmative panel decision by the Board. This was also the holding reached in petitioner's own 2003 state case, *Cain v. Tex. Bd. of Pardons and Paroles*, 104 S.W.3d 215, 218–19 (Tex. App. – Austin 2003, no pet.) (concluding that the Board "may decline to determine an eligibility date [on a first sentence] and set the case for further review in the future").

The *ex post facto* clause prevents a state from retroactively increasing the penalty by which a crime is punishable. *California Dep't of Corrs. v. Morales*, 514 U.S. 499, 506 n. 3 (1995); *Collins v. Youngblood*, 497 U.S. 37, 52 (1990). A law violates the *ex post facto* clause if it "changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed." *Carmell v. Texas*, 529 U.S. 513, 522 (2000). For an *ex post*

*facto* violation to occur, two elements must be present: (1) a law must be retrospective, that is, it must apply to events occurring before its enactment, and (2) the new law must create a sufficient risk of increasing the punishment attached to the defendant's crimes. *See Hallmark v. Johnson*, 118 F.3d 1073, 1079 (5th Cir. 1997). However, the retroactive application of new parole guidelines, or a change in the manner in which parole authorities exercise their discretion, does not result in an *ex post facto* violation. *Portley v. Grossman*, 444 U.S. 1311, 1312–13 (1980); *Sheary v. United States Parole Comm'n*, 822 F.2d 556, 558 (5th Cir. 1987) (finding no *ex post facto* violation in retroactive application of Parole Commission guidelines).

As noted in *Moore*, the Board's correction of its prior rules misinterpreting the state laws, and its application of the corrected rules, did not violate the *ex post facto* clause. As in *Moore*, petitioner's relevant criminal offenses occurred after 1987, and the statute is not being applied to him retroactively. Although the Board rule challenged here by petitioner did not become effective until 1997, the rule did not alter the law; instead, it restated and applied provisions of section 508.105 that had already been in place. *Moore*, at *3.

In denying petitioner's application for state habeas relief in the instant case, the trial court made the following relevant findings:

> 4. In his sole ground for relief, the Applicant alleges that the Texas Board of Pardons and Paroles ('the Parole Board') is violating the Ex Post Facto provision in Article I, Section 10, Clause 1 of the United States Constitution.

\* \* \* \*

8. The Court finds that here, the Applicant alleges that action taken by the Parole Board on February 1, 2011, was in violation of the Ex Post Facto provision[.]

9. Hence, the Court finds that even though this is a subsequent Petition by the Applicant, the merits are cognizable because the current claim could not have been presented previously because its factual or legal basis was unavailable on the dates the Applicant filed his previous Petitions.

* * * *

11. The court finds that according to the Applicant, the law in effect at the time that he committed the aforementioned offenses, art. 42.18, section 8(d) of the Texas Code of Criminal Procedure, provided that credit toward parole eligibility on a subsequent cumulated sentence began to accrue when parole eligibility was achieved on the first sentence.

12. However, the Court finds the Applicant explains that subsequently, the Parole Board 'went back and reinterpreted' art. 42.12, section 8(d), and held that inmates who were serving consecutive sentences cannot begin serving the second sentence until they have earned parole eligibility and have been 'approved' for parole on the second sentence.

13. The Court finds that the Applicant cites *Ex parte Kuester*, 21 S.W.3d 264, 27–71 [sic] (Tex. Crim. App. 2000), as an example of this reinterpretation, and the new requirement to achieve parole approval on the first sentence in order for it to 'cease to operate.' *See* TEX. CODE CRIM. PROC. ANN., [Art.] 42.08(a) (Vernon Supp. 2010) (judgment in the second conviction shall begin when the judgment and sentence in the preceding conviction has ceased to operate), and *Ex parte Kuester* at 270.

14. Specifically, in this case, the Court finds that Applicant alleges that on February 1, 2011, the Parole Board denied him parole on his 25 year sentence, and gave him a one year set-off, which meant that his 25 year sentence did not 'cease to operate,' and he could not begin serving his second sentence.

15. The Court finds that the Applicant alleges that the requirement of the Parole Board that he must now be 'approved' for parole for his first

9

sentence to cease and his second to begin, is a retroactive change that is a violation of the Ex Post Facto Clause of the United States Constitution.

16. The Court finds that according to the Applicant, the retroactive application of the Parole Board's reinterpretation of art. 42.18, section 8(d) extends the amount of time he must serve on his 25 years sentence before he can begin serving his next sentence.

17. The Court finds that the Parole Board is vested with the power and duty to determine: when and whether an inmate should be released on parole, the conditions of that parole, which parolees should be released from supervision, or whether the parole should be continued, modified, or revoked. *See* TEX. GOV'T CODE ANN. §508.045.

18. The Court further finds that the Parole Board may adopt reasonable rules related to parole eligibility, the conduct of the parole hearing, or parole conditions. *See* TEX. GOV'T CODE ANN. §508.0441 (c).

19. The Court finds that parole is a privilege, not a right to which [petitioner] is entitled once he accrued a set amount of credit towards completion of his sentence.

20. The Court finds that [petitioner] admits that his 25 year sentence was imposed in November of 1989, and that in February of 2011, the Parole Board reviewed his case and denied parole, giving him a one year set-off.

21. The Court further finds that [petitioner] will have approximately two years remaining on his original 25 year sentence, even after he reaches the one year set-off that he claims he was given by the Parole Board in February of 2011.

22. Here, the Court finds that the actions of the Parole Board in not 'approving' [petitioner] for parole on his 25 year sentence once he became eligible, which would have allowed it to 'cease to operate,' did not alter [petitioner's] eligibility for parole, nor extend his sentence, but was a discretionary determination of his suitability for parole, and, therefore, well within the Parole Board's authority.

*Ex parte Cain*, WR-18,018-31, pp. 21–24 (redundant citations omitted). The state habeas court concluded that:

1. A statute violates the Ex Post Facto Clause only if it retroactively affects a change in the definition of a crime, or, as alleged here by [petitioner] increases the punishment attached to a crime.

2. However, [petitioner's] Petition must fail, because while changes in parole eligibility could retroactively increase punishment, determinations of suitability for parole, as alleged in [petitioner's] Petition, are discretionary and do not have Ex Post Facto implications.

*Id.*, p. 25 (citations omitted). The Texas Court of Criminal Appeals relied on these findings in denying habeas relief. *Id.*, at cover.

Contrary to petitioner's assertions, the Board did not retroactively change the date on which he can begin serving his next sentence. Even under his own argument, petitioner presents no probative summary judgment evidence that he was eligible for parole as of his hearing on February 1, 2011,[3] and he does not show that the Board's decision not to "approve" him for parole had any *ex post facto* effect on the execution of his twenty-five year sentence.

Petitioner does not show that the Board's actions increased the punishment attached to his twenty-five year sentence, and no *ex post facto* violation is presented. Petitioner fails to show that the state court's denial of habeas relief on this issue was contrary to, or involved

---

[3] Indeed, in his 2005 section 1983 lawsuit, the Northern District of Texas noted that, "Disregarding inconsistencies in plaintiff's pleading, one thing appears clear: the earliest date plaintiff pleads he could be statutorily eligible for parole under the most favorable calculations is January 1, 2012." *Cain v. Tex. Bd. Pardons and Paroles*, C.A. No. 2:05-cv-0098 (N.D. Tex. Nov. 10, 2005). Thus, even accepting petitioner's factual claim as true, no violation is shown.

an unreasonable application of, clearly established federal law as determined by the Supreme Court. *Williams*, 529 U.S. at 404–05. Respondent is entitled to summary judgment dismissal of this issue.

### *Conclusion*

Respondent's motion for summary judgment (Docket Entry No. 13) is GRANTED. The petition for a writ of habeas corpus is DENIED, and this case is DISMISSED WITH PREJUDICE. A certificate of appealability is DENIED. Any and all pending motions are DENIED AS MOOT.

The Clerk will provide copies of this order to the parties.

Signed at Houston, Texas on April 30, 2012.

_____
Gray H. Miller
United States District Judge